STEPHANIE TOTH et al., Infants by Their Guardian ad Litem, STEVE J. TOTH, JR., Appellants, et al., Plaintiff, v. COMMUNITY HOSPITAL AT GLEN COVE et al., Respondents, et al., Defendant.

No opinion. Christ, Rabin and Munder, JJ., concur: Beldock, P. J. concurs as to defendants Community Hospital and Boyd, but is recorded as not voting with respect to defendant Hellmann. Hopkins, J. votes to reverse the judgment and to order a new trial as to the defendants the Community Hospital at Glen Cove and Charles Henry Hellmann, with the following memorandum: The infant plaintiffs are twins; the infant Jane is totally blind, and the infant Stephanie has only 15 to 20 per cent of normal vision in her left eye. In this action they sue, through their guardian ad litem, to recover damages for the alleged malpractice of the defendants in causing their loss of vision. At the trial expert medical testimony was produced on behalf of the plaintiffs which established that their condition was due to the administration of excessive oxygen to the infants for more than 30 days after their birth in June, 1953; that the defendant Hellmann had directed the defendant hospital to place the plaintiffs in a type of incubator

following their premature birth, and to give them 6 liters per minute thereafter; that the records of the defendant hospital indicated that the supply of oxygen had not been reduced; that the defendant Hellmann was charged with the duty of examining the records and to correct the error in the administration of oxygen; and that the state of medical art in June, 1953 included the knowledge of the danger of excessive oxygen to the eyes of premature infants. In my view, the trial court's refusal to charge the request of plaintiffs' counsel with respect to the defendant Hellmann that, if the jury found that he had decided that the dosage of oxygen be reduced from 6 liters per minute to 4 liters per minute after 12 hours, and that he had failed to take note of the failure to make such reduction, then the jury might consider his failure to be negligence on his part, was erroneous and requires a new trial. There was evidence at the trial which would support a jury finding that the hospital records showed the failure to reduce the dosage of oxygen, and that good medical practice demanded a continuing reading and evaluation of the hospital records by the attending physician. Hence, there was a duty by the defendant Hellmann to learn of the constant supply of excessive oxygen to the infants within a day or so, and the jury was entitled to conclude that the failure to discharge that duty by Hellmann resulted in the injury to the infants. I am further of the opinion that the trial court should not have dismissed the complaint against the defendant hospital. Plaintiffs established a prima facie case for the consideration of the jury when they proved that the hospital had not conformed to the attending physician's orders. It was then for the jury to say whether the hospital's failure contributed to the injury sustained by the infants.